953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Iris Tomoe KURASHIGE, Defendant-Appellant.
 No. 91-10180.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Iris Tomoe Kurashige appeals her sentence under the Sentencing Guidelines imposed following her conviction for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. She contends that the district court erred by considering quantities of cocaine not involved in the counts of conviction in determining her base offense level. She also contends that the district court's application of the preponderance of the evidence standard of proof in making factual determinations violated her due process rights. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 BACKGROUND
 
 3
 Kurashige pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); misdemeanor possession of methamphetamine, in violation of 21 U.S.C. § 844(a); and misdemeanor possession of marijuana, in violation of 21 U.S.C. § 844(a). The presentence report calculated her adjusted offense level at 24, using the 33 ounces of cocaine Kurashige purchased from unindicted coconspirator Charles Walker on September 11, 1990. The government objected to the presentence report on the ground that Kurashige's "relevant conduct" for the purpose of calculating her base offense level should include seventeen additional cocaine shipments she received from Walker between June 1988 and August 1990. The government argued that the additional cocaine shipments should be considered because they were part of the same course of conduct as the cocaine shipment involved in the counts of conviction. An amended presentence report increased Kurashige's adjusted offense level to 30 based on the additional cocaine shipments.
 
 
 4
 At the sentencing hearing, Walker testified that it was his standard practice to deliver cocaine shipments to Kurashige in Honolulu, and that he had delivered a total of 273 ounces of cocaine to Kurashige in seventeen separate shipments beginning in June 1988. The court accepted Walker's testimony regarding the additional cocaine shipments and sentenced Kurashige to 97 months imprisonment in accordance with the amended presentence report.
 
 STANDARD OF REVIEW
 
 5
 We review a district court's legal interpretation of the Sentencing Guidelines de novo, and its factual findings made in the course of applying the Guidelines for clear error. United States v. Wilson, 900 F.2d 1350, 1355 (9th Cir.1990).
 
 DISCUSSION
 I. Relevant Conduct
 
 6
 Kurashige challenges the district court's inclusion of the additional cocaine shipments in determining her base offense level. She alleges that the additional cocaine shipments were not part of the same scheme or plan or course of conduct as the cocaine involved in the offenses of conviction.
 
 
 7
 The Guidelines provide that the sentencing court shall consider all "acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). The background commentary to the Guidelines further provides that "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." Id., comment. (background); see also United States v. Restrepo, 903 F.2d 648, 653 (9th Cir.1990), withdrawn in part on rehearing en banc, 946 F.2d 654 (9th Cir.1991).
 
 
 8
 It was not clear error for the district court to conclude that the additional cocaine shipments were part of the same course of conduct and thus could be included in Kurashige's offense level calculation. Walker testified that it was his standard practice to deliver cocaine shipments personally to Kurashige in Honolulu, and that he had done so on seventeen prior occasions in certain specified quantities. Kurashige's counsel had ample opportunity to cross-examine Walker. The district court explicitly found that Walker's testimony was credible.
 
 
 9
 In its objections to the presentence report, the government offered a transcript of a taped conversation between Kurashige and Walker, not challenged by Kurashige, that tended to corroborate Walker's testimony. During a tape-recorded meeting with Walker, Kurashige expressed satisfaction with prior cocaine shipments she had received. During that same meeting, Kurashige demonstrated considerable familiarity with Walker's mode of operation. Finally, a search of Kurashige's residence revealed extensive drug trafficking paraphernalia, from which a trier of fact could reasonably conclude that Kurashige had previously engaged in cocaine trafficking.
 
 II. Standard of Proof
 
 10
 Kurashige contends that the district court's application of the preponderance of the evidence standard in using the additional cocaine shipments to increase her base offense level violated her due process rights. This argument is foreclosed by our recent decision in United States v. Restrepo, 946 F.2d 654 (9th Cir.1991), (en banc) in which we held that the preponderance of the evidence standard of proof for factors enhancing a sentence under section 1B1.3(a)(2) satisfies due process.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3